## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

LEONIDAS SANCHEZ PEREZ
3132 16th Street NW, Apt. 601
Washington, DC 20010

        Plaintiff,

v.

J. C. ENTERPRISES, INC.
d/b/a HUNAN DYNASTY
215 Pennsylvania Avenue SE, 2nd Floor
Washington, DC 20003

        Defendant.

Civil Action No. _____

## **COMPLAINT**

### **Introduction**

1.     Defendant owns and operates a Chinese restaurant where plaintiff worked as a kitchen hand and laborer. Defendant paid plaintiff a flat salary of $400 – $450 per week for approximately 66 weekly hours of work. This practice denied plaintiff both minimum and overtime compensation.

2.     Plaintiff brings this action to recover damages for defendant's willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* Plaintiff also asserts a retaliation claim under the FLSA.

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant resides in this

district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in

this district.

## Parties

5.      Plaintiff is an adult resident of Washington, DC.

6.      Defendant J. C. Enterprises, Inc. is a District of Columbia corporation with its principal

place of business at: 215 Pennsylvania Avenue SE, 2nd Floor, Washington, DC 20003. J. C.

Enterprises, Inc. does business as "Hunan Dynasty." J. C. Enterprises, Inc.'s resident agent for

service of process is: Hui Zhang, 215 Pennsylvania Avenue SE, 2nd Floor, Washington, DC

20003.

## Factual Allegations

7.      Defendant owns and operates a Chinese restaurant known as "Hunan Dynasty," located

in the Capitol Hill neighborhood of Washington, DC. The postal address for the restaurant is:

215 Pennsylvania Avenue SE, 2nd Floor, Washington, DC 20003.

8.      Plaintiff was employed in defendant's restaurant for two distinct periods that

cumulatively span approximately 37 weeks:

a.      from approximately October 7, 2012 through approximately February 23, 2013

("first period of employment"); and

b.      from approximately October 19, 2014 through February 15, 2015 ("second period

of employment").

2

9.      At all relevant times, plaintiff was employed in defendant's restaurant as a kitchen hand and general laborer. His duties included bussing tables, food preparation, preparing orders for delivery, and cleaning.

10.     At all relevant times, plaintiff worked approximately 66 hours per workweek on the premises of Hunan Dynasty. Plaintiff was required to work 12-hour shifts (10 a.m. – 10 a.m.), 6 days a week. He was permitted to take a one-hour lunch break each day.

11.     Apart from Thanksgiving Day, plaintiff did not receive time off from work.

12.     During plaintiff's first period of employment — from approximately October 7, 2012 through approximately February 23, 2013 — defendant paid plaintiff $800 for every two weeks of work.

13.     During plaintiff's second period of employment — from approximately October 19, 2014 through February 15, 2014 — defendant paid plaintiff $900 for every two weeks of work.

14.     At all relevant times, defendant paid plaintiff with cash; plaintiff never received a check or a paystub.

15.     During plaintiff's first period of employment, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $8.25 per hour.

16.     During plaintiff's second period of employment, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $9.50 per hour.

17.     At all relevant times, federal and D.C. law required defendant to pay plaintiff one and one half times the minimum wage for all hours worked over 40 in any one workweek.

18.     For Plaintiff's work in the three years preceding the filing of this complaint, defendant owes him approximately **$9,850.63** in D.C. minimum and overtime wages.

19.     On February 15, 2014, defendant's management held a meeting at the restaurant with all employees who were scheduled to work that day.

20.     Defendant's management directed all employees to sign multiple copies of the document attached to this Complaint as Exhibit A. This document appears to be a rudimentary timesheet.

21.     Defendant's management directed its employees *not* to complete the blank timesheets; but only to sign the line next to "employee signature."

22.     On information and belief, defendant's management was attempting to fraudulently manufacture evidence to shield defendant from future FLSA lawsuits.

23.     On information and belief, defendant's management took these steps as a direct result of a lawsuit that was resolved in this Court just 3 days before the meeting took place. In that case, D.D.C. Case No. 1:14-cv-02155-JDB, a fellow employee of the plaintiff made allegations that were almost identical to those that plaintiff now makes.

24.     Plaintiff understood that the blank timesheets might be used by defendant as a fraudulent record of the hours he worked — and one that would appear to have been validated by the plaintiff himself.

25.     Plaintiff expressed these concerns to defendant's management.

26.     Plaintiff refused to sign the blank timesheets that defendant's management directed him to sign.

27.     Upon refusing to sign the blank timesheets, plaintiff was told by a supervisor: "we no longer have any work for you."

28.     Plaintiff retained an original of one of these blank timesheets, a scan of which is attached to this Complaint as Exhibit A.

29.     At all relevant times, defendant was an enterprise engaged in interstate commerce.

30.     At all relevant times, defendant had more than two employees, and the annual gross volume of defendant's business exceeded $500,000.00.

31.     At all relevant times, defendant had the power to fire plaintiff.

32.     At all relevant times, defendant had the power to control plaintiff's work schedule.

33.     At all relevant times, defendant had the power to set plaintiff's rate of pay.

34.     At all relevant times, defendant did not maintain true and accurate records of each hour, day, and week worked by plaintiff, or of how much plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

35.     At all relevant times, defendant was aware that it was legally required to pay plaintiff the minimum wage.

36.     At all relevant times, defendant was aware that it was legally required to pay plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

37.     At all relevant times, defendant was aware that it was legally required to timely pay plaintiff all wages that plaintiff was legally due.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

38.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

39.     The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

40.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

41.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

42.     Defendant violated the FLSA by knowingly failing to pay the required minimum wage to plaintiff.

43.     Defendant violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

44.     Defendant's violations of the FLSA were willful.

45.     For its violations of the FLSA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation; an equal amount as liquidated damages; plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

46.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

47.     Before July 1, 2014, the DCMWA required that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

48.     As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

49.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

50.     Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to plaintiff.

51.     Defendant violated the DCMWA by knowingly failing to pay plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

52.     Defendant's violations of the DCMWA were willful.

53.     For its violations of the DCMWA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation; an equal amount as liquidated damages; plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

54.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

55.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

56.     For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

57.     Defendant violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including minimum and overtime wages.

58.     Defendant's violations of the DCWPCL were willful.

59.     For its violations of the DCWPCL, defendant is liable to plaintiff for unpaid wages; an amount equal to three times the amount of unpaid wages as liquidated damages; plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT IV**

**RETALIATION UNDER THE FLSA**

60.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

61.     The FLSA forbids an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…" 29 U.S.C. § 215(a)(3).

62.     Defendant violated the FLSA when it discharged plaintiff for refusing to provide fraudulent evidence for defendant to use in future FLSA lawsuits.

63.     Defendant's violations of the FLSA were willful.

64.     For its violations of the FLSA's anti-retaliation provisions, defendant is liable to plaintiff for back pay and front pay; an equal amount as liquidated damages; plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendant on all counts, and grant the following relief:

a.      Award plaintiff **$47,402.50**, consisting of the following overlapping elements:

   i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216 ($10,605.00);

    ii.       unpaid D.C. minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012 ($19,701.25);

    iii.      unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308 ($39,402.50);

    iv.      estimated back pay and front pay, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216 ($8,000.00)

b.      Award plaintiff pre-judgment and post-judgment interest as permitted by law.

c.      Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.      Award plaintiff court costs; and

e.      Award any additional relief the Court deems just.

Date: 04/10/2015                Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*