IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEONIDAS SANCHEZ PEREZ**  )  )  )  )  **Plaintiff,**  )  )  v.  )  **Case No. 15-00526-CRC**  )  **J.C. ENTERPRISES, INC., et al.**  )  )  )  **Defendant.**  )  ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Defendants J.C. ENTERPRISES INC., d/b/a HUNAN DYNASTY, HD ENTERPRISE, INC., d/b/a HUNAN DYNASTY, d/b/a HUNAN DYNASTY RESTAURANT, and XIAO DONG BIAN, a/k/a XIAODONG BIAN, a/k/a XIAODONGY BIAN, a/k/a XIAODONGI BIAN (collectively as "Defendants"), and LEONIDAS SANCHEZ PEREZ ("Plaintiff"), respectfully request that the Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq*. The parties seek Court approval of this Agreement because claims under the FLSA, like those released by the Plaintiff in the Confidential Settlement Agreement ("Agreement") that both parties have entered into, may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216(c); *see also Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) *vacated on other grounds* 493 F.3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when

the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D.Md. 2010). The Parties further aver that:

1. Plaintiff filed a Complaint seeking relief and recovery against Defendants for a purported violation of the overtime requirements of the FLSA.

2. Subsequent to the filing of the Complaint, Plaintiff and Defendants (collectively "the Parties") exchanged numerous phone calls and emails concerning the nature and extent of the Plaintiff's claims.

3. Based on the information exchanged by the Parties, agreement was reached on a Confidential Settlement.

4. The U.S. District Court for the District of Columbia, while recognizing that the D.C. Circuit has not addressed the requirement for court approval of FLSA settlements, has followed the approach for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) when approval was requested. *See Carillo v. Dandan, Inc.*, 51 F.Supp.3d 124, 129-132 (D.D.C. 2014.)

5. An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1354. In this instance, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over

FLSA provisions." *Id.* at 1353, 1355. Four factors should be examined to determine whether a proposed settlement is fair and reasonable: (i) Was the settlement achieved in an adversarial context? (ii) Was the Plaintiff represented by attorneys who can protect his rights? (iii) Does the settlement reflect a reasonable compromise over issues that are actually in dispute? (iv) Is the settlement fair? *Id.* at 1354.

6. With regard to these factors, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding—this lawsuit—and settlement negotiations taking place between the Parties directly; (ii) the Parties settled this matter only after many hours of negotiation, information exchange and a review of governing precedent; (iii) throughout this litigation, Plaintiff was represented by counsel who adequately protected his rights; (iv) the settlement reflects reasonable compromises regarding bona fide disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA; (v) the Parties agree that the settlement is fair, just, and adequate to settle the claims of the Plaintiff.

7. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

8. The endorsement of the settlement by counsel for the Parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2008 WL 9410399, at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id*. at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of his clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

9. Consistent with the language in the Confidential Settlement Agreement, Plaintiff represents and agrees that the Settlement Payment reflects just, adequate, and complete compensation for all claims of purported overtime giving rise to the Complaint, and reflects compensation for all wages to which he is entitled as a result of his former employment with Defendants, such that Plaintiff represents and agrees that he is not entitled to any additional compensation of any sort from Defendants.

10. Finally, there is nothing in the FLSA or the interpretive cases that requires the Parties to *file* the Confidential Settlement Agreement, so that it becomes a part of the public record. In other words, although the FLSA requires judicial approval of the settlement, it does not call for any greater public access to the dollar amount or the terms than any other case that resolves through settlement. Indeed, Courts approve FLSA settlement agreements after reviewing the terms in camera, or on the basis of counsel's representations regarding the terms. *See, e.g., Freyre v. Tin Wai Hui DMD, P.A.*, 2009 WL

89283, at *1 (S.D. Fla. Jan. 13, 2009) (approving confidential FLSA settlement agreement based on (i) representations of parties that agreement provided plaintiff with full recovery and (ii) *in camera* review of agreement); *Goudie v. Cable Communications, Inc.*, No. 08-cv-507, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (approving confidential FLSA settlement agreement after reviewing same *in camera*). Thus, public disclosure of confidential terms is not required for judicial approval to be granted, and the Parties therefore request that this Court approve settlement without requiring that the Confidential Settlement Agreement be filed.[1]

---

[1] Counsel will, upon the Court's request, provide copies of the Confidential Settlement Agreement for *in camera* review.

Case 1:15-cv-00526-CRC   Document 9-1   Filed 05/21/15   Page 6 of 6

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Court enter the accompanying Order, thereby approving the terms of the Parties' Confidential Settlement Agreement, and dismissing this action with prejudice.

          Respectfully submitted,

          _____/s/_____
          Linda Hitt Thatcher D.C.B. #415317
          Robert J. Baror D.C.B. #987525
          THATCHER LAW FIRM, LLC
          7849 Belle Point Drive
          Greenbelt, Maryland 20770

          P: 301-441-1400
          F: 301-441-9602
          www.thatcherlaw.com

          *Counsel for Defendants*


          _____/s/_____
          Justin Zelikovitz D.C.B. #926001

          Law Office of Justin Zelikovitz, PLLC
          519 H Street NW
          Second Floor
          Washington, D.C. 20001
          P: 202-803-6083
          F: 202-683-6102

          *Counsel for Plaintiff*